UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FREDERIC WILLIAMS, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> DUSHAN ZATECKY, ) <br> ) <br> Respondent.[1] ) | Case No. 1:13-cv-943-SEB-DKL |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petition of Frederic Williams for a writ of habeas corpus should be denied. In addition, the court finds that a certificate of appealability should not be issued. These conclusions rest on the following facts and circumstances:

1. Williams was charged with (1) dealing in a narcotic drug, (2) possession of a narcotic drug, and (3) possession of a narcotic drug and firearm. His wife Patricia was charged as a co-defendant. Before trial, Patricia attempted to quash her subpoena based on her assertion of the marital privilege, but the trial court denied her motion. She then pled guilty to the lesser included offense of class B felony dealing in a narcotic.

2. Williams was found guilty of all three charges after his trial by jury, though the court did not enter a judgment of conviction for possession of a narcotic drug due to double jeopardy concerns. This left him convicted of dealing in a narcotic drug and possession of a

---

[1] The petitioner's current custodian is substituted as respondent.

narcotic drug and firearm. The physical evidence supporting Williams' conviction was seized from the bedroom of his residence during the execution of a search warrant on August 3, 2007.

3. Williams' direct appeal was decided in *Williams v. State*, No. 49A02-0909-CR-875 (Ind.Ct.App. May 5, 2010)(*Williams I*). The decision affirming the trial court's denial of his post-conviction relief was decided in *Williams v. State*, No. 49A05-1110-PC-621 (Ind.Ct.App. Oct. 21, 2012)(*Williams II*).

4. In *Williams I,* Williams raised four issues: (1) whether the trial court correctly determined that Williams' counsel misstated the law regarding the elements of dealing in a narcotic drug in closing argument; (2) whether the trial court improperly admitted evidence seized from the search of his residence pursuant to a warrant; (3) whether the trial court abused its discretion in permitting Williams' wife to testify; and (4) whether his convictions violated the prohibition against double jeopardy under the federal and Indiana Constitutions. The Indiana Court of Appeals found that his convictions violated double jeopardy and therefore vacated his conviction and sentence for possession of a narcotic drug and firearm. The Court, however, affirmed the trial court in all other respects. Williams sought transfer to the Indiana Supreme Court, arguing that the Indiana Court of Appeals erred when it (1) determined he waived the issue on appeal whether the trial court improperly admitted evidence of the items seized from his residence and (2) found the trial court properly precluded his counsel from making an argument in closing argument that constituted a misstatement of law. The Indiana Supreme Court denied transfer on July 15, 2010.

5. Williams filed an action for post-conviction relief. After that petition was denied, Williams argued on appeal that (1) the trial court erred in admitting evidence seized from his residence and (2) the trial court committed fundamental error by not granting his wife spousal

privilege not to testify. These arguments were rejected in *Williams II.* A petition to transfer, in which Williams presented the question of the Indiana Court of Appeals' failure to address the merits of his spousal privilege argument because of *res judicata*, was denied by the Indiana Supreme Court on January 3, 2013.

6. Williams' habeas petition presents the following claims: (1) the prosecutor violated his equal protection rights by eliciting testimony from his wife and obtaining "blank subpoenas"; (2) the trial court violated his equal protection rights by allowing his wife to testify at trial; (3) the Court of Appeals denied him due process by finding the trial court did not error in allowing his wife to testify; (4) his trial counsel was ineffective for not subjecting the State's case to meaningful adversarial testing; (5) his appellate counsel was ineffective for not adequately presenting issues for review; and (6) his post-conviction counsel was ineffective.

7. "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is `no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id.*

8. In recognition of federal-state comity, a petitioner seeking federal habeas relief must establish that he "fully and fairly [presented] his federal claims to the state courts . . . ." *Chambers v. McCaughtry,* 264 F.3d 732, 737 (7th Cir. 2001). Fair presentment "requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the

claims later presented in federal court." *Id.; see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002). Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's '*actual* and substantial disadvantage,'); or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Schlup v. Delo,* 513 U.S. 298, 327 (1995), the Supreme Court explained that to establish a "fundamental miscarriage of justice" a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. at 496). And, in order to establish a claim of actual innocence "he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet v. Briley,* 390 F.3d 505, 515 (7th Cir. 2004) (citing *Schlup*).

9. The inquiry in this case centers on procedural default because, with one exception, Williams has committed procedural default with respect to his habeas claims:

a. Williams' first, second, and third habeas claims were not fully and properly presented to the Indiana courts. This is because these claims were not fairly presented in *Williams I* and because they were not included in his petition for transfer to the Indiana Supreme Court.

b. Williams' claims of ineffective assistance of counsel pertaining to trial counsel and counsel in *Williams I* were never presented to the Indiana state courts. *See Lane v. Richards,* 957 F.2d 363, 366 (7th Cir.), *cert. denied,* 113 S. Ct. 127 (1992).

10. Williams seeks to overcome the consequences of his procedural default principally by highlighting his contention that the explanation lies in the ineffectiveness of his attorney in *Williams I*. Although it is true that ineffective assistance of counsel rising to the level of a constitutional violation can constitute "cause" sufficient to excuse a procedural default, *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir. 1996), it does not do so in this case because as just noted it has not been independently and fully presented to the Indiana state courts. *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995); *Lostutter v. Peters,* 50 F.3d 392, 396 (7th Cir. 1995).

11. The exception to the claims which are procedurally defaulted is Williams' claim that he was denied the effective assistance of counsel in the post-conviction relief proceeding. This is an exception because there is no constitutional right to counsel–nor, perforce, to the effective representation of such counsel--in the action for post-conviction relief. *See Coleman v. Thompson,* 501 U.S. 722, 755–57 (1991) (there is no right to counsel in state collateral proceedings); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

12. "[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Williams has encountered this hurdle as to all of his habeas claims. He has not overcome the hurdle, and for this reason his

petition for writ of habeas corpus must be denied without the merits of his cognizable claims being reached. His petition for writ of habeas corpus is denied. Judgment consistent with this Entry shall now issue.

13. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Williams has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 03/04/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Frederic Williams
No. 856078
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel